[No. 36207-1-I.   Division One.   May 20, 1996.]

DEBORAH HUTMACHER, *Respondent*, v. BOARD OF NURSING, *Appellant*.

---

*Christine O. Gregoire, Attorney General*, and *Jerald R. Anderson, Assistant*, for appellant.

*Mark L. Fleming*, for respondent.

ELLINGTON, J. — The Board of Nursing appeals an order setting aside the Board's disciplinary action against Deborah Hutmacher. The Superior Court concluded that the Board lacked jurisdiction because the Board did not

commence an adjudicative proceeding within a 90–day statutory time limit. The Board claims that the time limit is inapplicable because the Board commenced an adjudicative proceeding on its own initiative. We agree and reverse.

On November 6, 1991, Hutmacher illegally obtained medication by removing drugs from the emergency room of Virginia Mason Hospital. The Board issued a Statement of Charges against her nursing license on November 9, 1992. In her answer of November 27, 1992, Hutmacher chose not to contest the charges but requested a settlement conference with the possibility of a hearing.

From December 21, 1992 to August 11, 1993, the parties unsuccessfully attempted to negotiate a settlement. In letters of June 3, and August 11, 1993,[1] the Board withdrew its settlement offer and stated that it would set a hearing to resolve the matter. On November 12, 1993, the Board informed Hutmacher that her hearing would be held on December 13, 1993.

At a prehearing conference, Hutmacher argued that the Board lost jurisdiction over her case by failing to commence a hearing within the 90–day period that followed her answer. Hutmacher relied on RCW 34.05.419, which provides:

> After receipt of an application for an adjudicative proceeding, other than a declaratory order, an agency shall proceed as follows:
>
> (1) . . . within ninety days after receipt of the application . . . the agency shall do one of the following:
>
> (a) Approve or deny the application, in whole or in part, on the basis of brief or emergency adjudicative proceedings . . . .
>
> (b) Commence an adjudicative proceeding in accordance with this chapter; or

---

[1]Hutmacher apparently did not receive the June 3, 1993 letter, thus necessitating the August 11, 1993 letter.

(c) Dispose of the application in accordance with RCW 34.05.416[.]

The presiding officer ruled that Hutmacher's November 27, 1992 answer constituted an application and therefore triggered the Board's 90–day window to commence an adjudicative proceeding. *See* RCW 34.05.419. The officer then reasoned that the definition of "adjudicative proceeding" includes exchanges of discovery and that the parties' settlement negotiations constituted discovery which fell within the 90–day window provided by RCW 34.05.419(1)(b). Thus, the officer concluded that the Board had timely commenced an adjudicative proceeding.

Hutmacher appealed the officer's ruling to Superior Court. The court ruled that the Board lost jurisdiction over Hutmacher's case by failing to take any action within 90 days of her answer.

■ The question of whether the Board had jurisdiction over Hutmacher's case is reviewed de novo. *Sullivan v. Department of Transportation*, 71 Wn. App. 317, 321, 858 P.2d 283 (1993), *review denied*, 123 Wn.2d 1018, 871 P.2d 600 (1994). The Board argues that it had jurisdiction pursuant to RCW 34.05.413(1), which allows the Board to commence an adjudicative proceeding at "any time."[2]

■ An adjudicative proceeding is defined as "a proceeding before an agency in which *an opportunity for hearing* before that agency is required by statute . . . ." RCW 34.05.010(1) (emphasis added). "An adjudicative proceeding commences when the agency or a presiding officer notifies a party that a prehearing conference, hearing, or other stage of an adjudicative proceeding will be conducted." RCW 34.05.413(5). Thus, an adjudicative proceeding is not limited to the formal hearing itself, but also contemplates

---

[2]In part, the statute provides:

(1) Within the scope of its authority, an agency may commence an adjudicative proceeding at any time . . . .

RCW 34.05.413.

other stages of proceedings affecting the rights of an individual under the administrative scheme. *See generally* William R. Anderson, *The 1988 Washington Administrative Procedure Act—An Introduction*, 64 WASH. L. REV. 781, 789 (1988).

Here, the Board notified Hutmacher that it would be adjudicating her case by serving the Statement of Charges. This service apprised Hutmacher that an adjudicative proceeding had commenced; the only remaining question was whether the proceeding would be completed via informal settlement, formal hearing, or default. We hold that the Board's filing of the Statement of Charges commenced the adjudicative proceeding. *See* RCW 34.05.413(1).

■ Hutmacher's arguments to the contrary are not persuasive. The statute she relies upon relates to commencing an adjudicative proceeding after receipt of a person's application. *See* RCW 34.05.419; *see also* RCW 34.05.413(2) (agency shall commence an adjudicative proceeding upon timely application). Hutmacher's answer constituted a response to a pending adjudicative proceeding, not an application for an adjudicative proceeding. Thus, RCW 34.05.419 is inapplicable. We therefore need not reach the issue as to whether the statute's timeline is directory or mandatory. *See Niichel v. Lancaster*, 97 Wn.2d 620, 623–28, 647 P.2d 1021 (1982).

Hutmacher argues that if the court rules against her, the case should be remanded to Superior Court to decide assignments of error which were not decided below. Since these claims of error were not briefed here, remand is proper.

Reversed and remanded.

AGID and Cox, JJ., concur.

Review denied at 130 Wn.2d 1012 (1996).