[No. 15045-3-III. Division Three. August 19, 1997.]

CRESCENT CONVALESCENT CENTER, *Respondent*, v. THE
DEPARTMENT OF SOCIAL AND HEALTH SERVICES,
*Appellant*.

354

*Christine O. Gregoire, Attorney General,* and *Donna T. Cobb, Assistant,* for appellant.

*Mark E. Allen* and *Buzzard & Allen,* for respondent.

SCHULTHEIS, J. — Crescent Convalescent Center sought administrative review of a citation issued by the Department of Social and Health Services (DSHS) for failure to meet a dietary assessment standard. An Administrative Law Judge (ALJ) dismissed the request after concluding Crescent does not have a regulatory, statutory or constitutional right to an administrative hearing, and the DSHS Office of Appeals affirmed. The superior court found a constitutional right and reversed. On appeal, DSHS contends the court erred in ruling DSHS deprived Crescent of a property interest without due process of law. It argues Crescent does not have a constitutionally protected property or liberty interest, but if it does, the informal review offered by DSHS satisfied due process requirements. We disagree and affirm the judgment of the superior court.

As a state licensed nursing home caring for Medicaid recipients, Crescent must comply with numerous state and federal statutes and regulations. DSHS, the agency responsible for enforcing those regulations, is required by law to conduct at least one unannounced annual inspection of each nursing home and to investigate complaints. Following inspections, DSHS must give the facility written notice of any violations it finds, describing the reasons for noncompliance. RCW 18.51.091. DSHS must also (1) prominently post a copy of the citation in the nursing home, RCW 18.51.260; (2) publish an annual report, available to the public, that lists all licensed facilities, the nature of each citation issued, and any action taken, RCW 18.51.270; and (3) by February 1 of each year notify all public agencies that refer patients to nursing homes of all those homes in the area that had no violations during the preceding year, RCW 18.51.250. Public agencies are then required by law to give priority to citation-free nursing homes in referring publicly assisted patients. RCW 18.51.250.

DSHS may also take discretionary action against nursing homes cited for violations; specifically, it may do any or all of the following: (a) deny, suspend, or revoke a license, (b) order stop placement, (c) assess fines, (d) deny payment for Medicaid residents, and (e) appoint temporary management. RCW 18.51.060; WAC 388-98-003. If DSHS chooses any of these sanctions, the nursing home has a statutory right to request a hearing under the Washington Administrative Procedure Act (WAPA). RCW 18.51.065. Some discretionary sanctions become mandatory for repeat violations under certain circumstances. RCW 18.51.060(3); WAC 388-98-003(3).

In March 1994 DSHS personnel inspected the Crescent facility. The agency found Crescent failed to make adequate dietary assessments of two patients, in violation of former WAC 248-14-260(2)(a) and 42 C.F.R. 483.25(i)(1) (1996). DSHS cited Crescent for the deficiency, which it designated a repeat from September 1993. In response, Crescent challenged the validity of the findings with respect to both patients, explaining why the facility believed it met the applicable standards. Crescent requested deletion of the citation. Crescent also challenged DSHS's "repeat" designation, explaining why it did not consider the designation to be accurate. By letter dated April 6, 1994, the DSHS acting district manager denied Crescent's request to delete the citation and confirmed the "repeat" status.

By letter dated April 15, and sent by certified mail to the Office of Administrative Hearings, Crescent requested a fair hearing and opportunity to appeal the March citation. The WAPA requires an agency to commence an adjudicative proceeding "[w]hen required by law or constitutional right . . . ." RCW 34.05.413(2). DSHS moved for dismissal. An ALJ granted the motion and ordered the matter dismissed for lack of jurisdiction, based on a determination that Crescent has no regulatory, statutory or constitutional right to a hearing.

Crescent petitioned for review by the DSHS Office of

Appeals. Crescent conceded it has no regulatory or statutory right to a hearing, but argued it has a constitutional right. The Review Judge concluded otherwise and affirmed the ALJ's decision and order. Crescent petitioned for judicial review in Yakima County Superior Court. The court concluded (1) Crescent has a recognized property interest based on the mandatory consequences that follow issuance of the citation, (2) which may not be taken from it without due process of law, and (3) because Crescent was not given any opportunity to challenge the citation, it was deprived of due process. The court concluded DSHS "erroneously interpreted the law and is in violation of constitutional provisions" and remanded the matter to DSHS for an administrative hearing. DSHS appeals.

 Judicial review of a final administrative agency decision is governed by the WAPA, RCW 34.05. In reviewing administrative action, this court sits in the same position as the superior court, applying the standards of the WAPA directly to the record before the agency. *Heinmiller v. Department of Health*, 127 Wn.2d 595, 601, 903 P.2d 433, 909 P.2d 1294 (1995), *cert. denied*, 518 U.S. 1006 (1996); *see Waste Management of Seattle, Inc. v. Utilities & Transp. Comm'n*, 123 Wn.2d 621, 632-34, 869 P.2d 1034 (1994). The WAPA allows a reviewing court to reverse an agency order in an adjudicative proceeding if the order violates constitutional provisions or the agency has erroneously interpreted or applied the law to the substantial prejudice of the party seeking relief. RCW 34.05.570(1)(d); (3)(a), (d).

 Whether Crescent has a constitutional right to an administrative hearing and, consequently, whether the ALJ erred by ordering the matter dismissed for lack of jurisdiction, is a question of law. *See Hutmacher v. Board of Nursing*, 81 Wn. App. 768, 771, 915 P.2d 1178, *review denied*, 130 Wn.2d 1012 (1996). Alleged errors of law are reviewed de novo, and because DSHS has no expertise in the area of constitutional law, its legal conclusions are not entitled to deference by a reviewing court. *Dana's House-*

*keeping, Inc. v. Department of Labor & Indus.*, 76 Wn. App. 600, 605, 886 P.2d 1147, *review denied*, 127 Wn.2d 1007 (1995).

The parties agree that Crescent cannot be deprived of a constitutionally protected property or liberty interest without due process, i.e., an opportunity to be heard. *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972); They disagree whether Crescent was deprived of any constitutionally protected interest and whether Crescent was given due process.

DSHS contends Crescent has not established a protected property interest or a protected liberty interest in its reputation, or any deprivation, but that, if it has, due process requirements were satisfied.

 Protected property interests include all benefits to which there is a legitimate claim of entitlement. The sources of such a claim are: (1) the terms of a contract, (2) rules or mutually explicit understandings, or (3) statutes that create substantive procedural restrictions on a decision maker's discretion. *Conard v. University of Wash.*, 119 Wn.2d 519, 528-29, 834 P.2d 17 (1992), *cert. denied*, 510 U.S. 827 (1993). Statutes and regulations create protected interests when they contain "substantive predicates" or particularized standards or criteria that guide the discretion of official decision makers *and* specific directives that mandate a specific outcome if the substantive predicates are present. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 462-63, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989).

 We find, as did the trial court, that the statutory scheme regulating the nursing home industry in Washington creates protected interests. Under RCW 18.51, DSHS must conduct annual inspections to determine whether nursing homes meet a lengthy list of particularized standards and criteria, and, if it finds deficiencies, it must issue citations. After issuing citations, DSHS must publicize the results so that other agencies and consumers of nursing

home services can make informed decisions. The statutes give nursing homes without citations two affirmative benefits, mandatory priority from public agencies referring patients and publicity of their status to be used for evaluation and comparison purposes. Cited nursing homes automatically lose referral preference and their citation-free status. These regulations and restrictions satisfy the substantive predicate/mandatory outcome test established by the United States Supreme Court in *Thompson*, 490 U.S. 454, and adopted by the Washington Supreme Court in *Conard*, 119 Wn.2d 519. *See also In re Personal Restraint of Cashaw*, 123 Wn.2d 138, 144-47, 866 P.2d 8 (1994); *In re Personal Restraint of Galvez*, 79 Wn. App. 655, 657-59, 904 P.2d 790 (1995).

The Legislature has provided nursing homes with protected interests, and deprivation of these state-conferred rights by issuance of a citation deserves procedural protection.[1] DSHS downplays the value of these interests, but they are not inconsequential—especially in light of the public agency referral preference. As long as a property or liberty deprivation is not de minimis, its gravity is irrelevant to the question whether account must be taken of the due process clause. *Goss v. Lopez*, 419 U.S. 565, 576, 95 S. Ct. 729, 42 L. Ed. 2d 725 (1975).

The gravity of the property deprivation is relevant to the questions of how much process is due and when is it due. The fundamental issue here, however, is who should review the issuance of a citation. According to Ann Maioriello, a DSHS nursing home nurse surveyor who in April 1994 was acting district manager for Crescent's district, she reviewed the basis for the citation after Crescent challenged it in writing. After noting Crescent declined an opportunity to ask for a review meeting (at which Crescent's

---

[1]We note the posting requirement of RCW 18.51.260 applies to "[e]ach citation . . . which has become final," suggesting some kind of review was anticipated when that section was enacted. Unfortunately, the legislative history sheds no light on what might have been intended.

administrative personnel, DSHS's survey team coordinator and district manager, and—if requested—attorneys for both parties "would have discussed the disputed survey findings") Ms. Maioriello decided the citation was valid and should not be deleted.

DSHS argues the interests at issue and the risks of erroneous deprivation are so small, that informal internal review provides adequate procedural protection. In other words, the department issuing the citation can fairly decide whether it is justified. Crescent, on the other hand, argues external review is necessary because it invites abuse to let DSHS formulate and interpret regulations, do the regulating and then decide whether it is regulating fairly. Crescent has the better argument.

A fair, neutral decision maker is a core requisite of due process. *Morrissey v. Brewer*, 408 U.S. 471, 485-86, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). At a minimum, review must be conducted by someone who did not participate in making the determination being reviewed. *See Goldberg v. Kelly*, 397 U.S. 254, 266, 271, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970). That requirement is not met by DSHS's informal review process—the one used or the one offered—because the acting district manager or district manager is responsible for the citation being reviewed. We conclude Crescent has a constitutional right to an administrative hearing.

The judgment of the superior court is affirmed.

SWEENEY, C.J., and THOMPSON, J., concur.

Reconsideration denied September 17, 1997.