[No. 4163–II. Division Two. November 7, 1980.]

MARK CARLSON, ET AL, *Appellants,* v. CENTRALIA SCHOOL DISTRICT NO. 401, *Respondent.*

*Odine H. Husemoen,* for appellants.

*Daniel J. Murray,* for respondent.

PEARSON, J.—Appellants, a group of public schoolteachers, did not have their contracts renewed by the Centralia

School District No. 401 (District) following the 1977–78 school year. They sought reinstatement through actions brought before a hearing examiner and before the Superior Court for Lewis County. The trial court affirmed the hearing examiner's decision that appellants were not entitled to reinstatement. The questions on appeal relate to the applicability of the reduction in force procedures outlined in the teachers' contracts, and the legal sufficiency of the nonrenewal notices given the teachers under RCW 28A.67-.070. We hold the layoff procedures were applicable and the nonrenewal notices sufficient to terminate the teachers' contracts. We affirm the trial court.

The teachers were all certificated employees of the District during the 1977–78 school year. All were working that year at the Maple Lane School, a detention facility operated by the Department of Social and Health Services. From 1967 to 1978 the District supervised the educational program at Maple Lane. As District employees, the teachers were also members of the Centralia Education Association (Association). Under the terms of an agreement between the Association and the District, the Maple Lane teachers were to be treated as a separate and distinct unit for purposes of implementing the reduction in force procedures outlined in the agreement. This agreement was in effect during the 1977–78 school year.

The District ran the Maple Lane program on a year–to–year basis with no long–term commitment or written contract. The State of Washington provided the funds for the program in the form of monthly installments based on an annual budget. A fixed percentage of this budget was to cover the District's administration costs.

The District developed fiscal problems as a result of this budget formulation. In February 1978, the District's board of directors resolved that unless the State responded to these problems, the District would terminate supervision of the program at the end of the 1977–78 school year. The directors, dissatisfied with the State's response, passed a

resolution in April 1978 terminating the District's involvement with Maple Lane. On May 5, 1978, District Superintendent James Kent mailed notices to all plaintiffs stating:

> You are hereby advised and given notice that on April 19, 1978, the above–named . . . Directors duly made a decision that [the District] will not be continuing the administration of the Maple Lane school program following the completion of the 1977–78 school term. As a result, the undersigned Superintendent has determined that sufficient cause exists for the non–renewal of your contract for the ensuing term and terms thereafter. This notice is given to you pursuant to statutory notice provisions and your attention is directed to such statutes with respect to any rights you may have as a result thereof.

Following receipt of their notices, the teachers brought the matter before a hearing examiner pursuant to RCW 28A.58.455. Appeal was then taken to Superior Court pursuant to RCW 28A.58.460–.490. This appeal ensued.

The first issue we address is whether the reduction in force procedures apply to this factual situation. The procedures contained in paragraph 3.20 of the agreement between the District and the Association were a part of each teacher's contract. *See Tondevold v. Blaine School Dist. 503,* 91 Wn.2d 632, 590 P.2d 1268 (1979). *Accord, Neilson v. Vashon Island School Dist. 402,* 87 Wn.2d 955, 558 P.2d 167 (1976). This agreement permitted the District to treat the teachers at Maple Lane as a unit for purposes of layoff and recall, provided the layoff was due to economic reasons only, as opposed to decisions to discharge or not renew a teacher's contract for specific cause.[1] Plaintiffs argue the layoff was not for economic reasons *only,* making paragraph 3.20 inapplicable. They assert the District failed to adopt procedures for *noneconomic* reductions in personnel as required under their interpretation of *Stieler v.*

---

[1]Paragraph 3.20 of the agreement states in part: "The term 'lay off' as used herein refers to action by the Board reducing the number of teachers in the District due to *economic reasons only*; it does not refer to decisions to discharge or non–renew an individual teacher for cause." (Italics ours.)

*Spokane School Dist. 81,* 88 Wn.2d 68, 558 P.2d 198 (1977), thereby requiring their reinstatement.

 Plaintiffs misinterpret the holding in *Stieler.* A school district is bound to apply its own previously adopted selection criteria when reducing its certified staff. *Hill v. Dayton School Dist. 2,* 85 Wn.2d 204, 532 P.2d 1154 (1975); *Pierce v. Lake Stevens School Dist. 4,* 84 Wn.2d 772, 529 P.2d 810 (1974). The court in *Stieler* held that a school district's notice of nonrenewal must indicate whether or not the district is giving consideration to these previously adopted criteria in making its determination. Such criteria are relevant, however, only in situations involving a partial recall among qualified teachers whose contracts have been previously not renewed. A "recall" is used to fill any vacancies occurring after the teachers have been given nonrenewal notices but before the expiration of their existing contracts. *Peters v. South Kitsap School Dist. 402,* 8 Wn. App. 809, 509 P.2d 67 (1973). This case does not involve such a recall. The District's abidance with any previously adopted selection criteria is therefore not in issue.

 The question of whether paragraph 3.20 of the agreement applies to this situation is one of mixed fact and law.[2] *See Sargent v. Selah School Dist. 119,* 23 Wn. App. 916, 599 P.2d 25 (1979). *See also* Abrahams, *Scope of Review of Administrative Action in Washington: A Proposal,* 14 Gonz. L. Rev. 75 (1978). We therefore choose to review this question de novo, without regard to the hearing examiner's decision. RCW 28A.58.480(4); *Sargent v. Selah School Dist. 119, supra.*[3]

---

[2]The applicability of the paragraph involves both a factual determination of the reasons for the reduction in force (*i.e.,* economic versus noneconomic reasons) and a legal interpretation of the phraseology used in the agreement.

[3]RCW 28A.58.480 sets forth the appropriate standards of review to be employed in teacher contract nonrenewal cases. These standards are identical to those contained in RCW 34.04.130(6) of the administrative procedures act. As noted in *Sargent v. Selah School Dist. 119,* 23 Wn. App. 916, 599 P.2d 25 (1979) at page 919, cases construing that statute are therefore applicable by analogy. *See, e.g., Leschi Improvement Council v. State Highway Comm'n,* 84 Wn.2d 271, 283,

By its terms, paragraph 3.20 created two categories of nonrenewals: Those for "economic reasons only," and those for "cause." We interpret these two categories as being mutually exclusive, and as including all possible contract nonrenewals. Those nonrenewals *not* for "cause" would necessarily be for "economic reasons only." The record shows that two major budgetary problems precipitated the contract nonrenewals that took place in this case. First, the State's monthly form of payment created a cash flow problem that often forced the District to carry expenses of the Maple Lane program from the District's own budget. Second, the amount the State provided for the District's administrative costs in 1977–78 was sizeably less than it had provided under a previous budget formulation.[4] These factors were the specific cause for termination of the contract with the State and the ensuing layoffs. The factors were clearly "economic" and we hold that paragraph 3.20 was applicable. The District properly treated the Maple Lane teachers as a separate unit for purposes of applying the reduction in force procedures contained in the agreement. We find no error in the District's application of those procedures.

■ The second issue we address is the legal sufficiency of the contract nonrenewal notices timely given plaintiffs under RCW 28A.67.070. That statute provides in part:

> In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing on or before May 15th preceding the commencement of such term of that determination, *which notification shall specify the cause or causes for nonrenewal of contract.*

525 P.2d 774 (1974); *Brandley v. Department of Employment Security*, 23 Wn. App. 339, 342, 595 P.2d 565 (1979).

[4]The State unilaterally implemented the new budget formula in approximately 1973.

(Italics ours.) Whether or not a teacher's nonrenewal notification sufficiently specifies the cause thereof is a determination that must be based upon the facts of each case. *Pierce v. Lake Stevens School Dist. 4, supra.* The adverse financial conditions of a district, if specified in the notice of nonrenewal, constitute sufficient probable cause to satisfy the requirements of the statute. *Diedrick v. School Dist. 81,* 87 Wn.2d 598, 555 P.2d 825 (1976). Here the District terminated its supervision of the Maple Lane program for financial and economic reasons. The notice given plaintiffs did not specify that these economic reasons motivated the District's decision. The notice did, however, state the reason the District did not renew their contracts was that the Maple Lane program had been terminated. This is all the statute requires.

▇ Despite its failure to specify the precise reasons behind the District's decision, the notice does refer plaintiffs to their statutory rights. A district's notice need not detail the reasons for a teacher's nonrenewal if these reasons are made known to him upon his request. *Pierce v. Lake Stevens School Dist. 4, supra* at 782. The statutory requirements of RCW 28A.67.070 derive from due process requirements. *Pierce v. Lake Stevens School Dist. 4, supra* at 777. The basic nature of the due process clause is to protect a person against arbitrary action by a deciding body. "[I]f a person has his day in court, he has not been deprived of due process." *Systems Amusement, Inc. v. State,* 7 Wn. App. 516, 518, 500 P.2d 1253 (1972). Here the plaintiffs did assert their statutory rights to a hearing and to an appeal to superior court. At the hearing, the reasons for the District's decision were made clear. Plaintiffs make no showing that they were prejudiced by the notice's lack of specificity. We therefore hold the notice of contract nonrenewal was sufficient to satisfy the requirements of RCW 28A.67.070.

■ Plaintiffs assign error to the hearing examiner's finding that it cost the District more per teacher to administer the Maple Lane program than other District programs. They failed, however, to provide supporting argument for this alleged error either in their brief or in oral argument. Assignments of error not supported by argument are deemed abandoned. *Lassila v. Wenatchee,* 89 Wn.2d 804, 576 P.2d 54 (1978). We decline to address this issue.

The trial court is affirmed.

REED, C.J., and PETRIE, J., concur.