[No. 24417-9-II.   Division Two.   November 17, 2000.]

PAUL MOLDT, ET AL., *Appellants*, v. TACOMA SCHOOL DISTRICT NO. 10, ET AL., *Respondents*.

*Kimberly Alma Ann Rendish*, for appellants.

*Valerie L. Hughes* and *Zane A. Brown, Jr.* (of *Perkins Coie, L.L.P.*) and *Michael J. Gawley*, for respondents.

ARMSTRONG, C.J. — A group of substitute teachers formerly employed by Tacoma School District No. 10 sued the District, contending they were entitled to continuing contract rights under RCW 28A.405.210. The teachers base their claims upon contracts the District entered into with them between 1989 and 1993, which guaranteed the substitute teachers a minimum number of days of employment each school year. The trial court granted the District summary judgment, ruling that the substitutes came within the statutory exclusion from continuing contract rights of teachers who replace teachers on sabbatical, regular, or other leave. RCW 28A.405.900. We agree that the substitute teachers are excluded from continuing contract rights; accordingly, we affirm.

## FACTS

Before 1989, Tacoma School District No. 10 had difficulty getting substitute teachers. In 1989, the District attempted to solve this problem by negotiating a collective bargaining agreement with the Tacoma Education Association (TEA), a

teachers' union. The agreement created a cadre, or pool of substitute teachers, known as "cadre substitutes." To attract teachers to participate, the District guaranteed each of them a minimum number of days of work during the school year (as many as 160) and eventually paid them at a higher rate than ordinary substitutes. The District entered into a written contract with each cadre substitute. The contracts stated, "This agreement is not subject to the continuing contract law as per RCW 28A.67.900 [*recodified as* RCW 28A.405.900 by *Laws of* 1990, ch. 33]," the statute that excludes teachers hired to replace teachers on leave from continuing contract rights. The District eliminated the cadre substitute program in 1993.

In 1993, the cadre teachers sued, claming that the District (1) denied them continuing contract rights guaranteed by statute, (2) denied them property interests in their employment without due process of law, and (3) denied them the salaries and benefits afforded employees with continuing contract rights. On cross-motions for summary judgment, the trial court granted summary judgment to the District.[1] The cadre teachers appeal.

## ANALYSIS

### I. Statutory Interpretation

The statutory scheme divides teachers and other certificated employees into three classes, which, for ease of reference, may be called (1) regular teachers, (2) provisional teachers, and (3) replacement teachers. *See* RCW 28A.405-.210, .220, .900.

Regular teachers are covered by RCW 28A.405.210, which guarantees them automatic renewal of their contracts, except for cause.[2] Upon nonrenewal, formal proce-

---

[1] The school district joined the teachers' union as a codefendant. The teachers did not appeal summary judgment in favor of the union.

[2] RCW 28A.405.210 provides, in part:

   No teacher . . . or other certificated employee, holding a position as such

dural requirements apply. A regular teacher must receive written notice that specifies the cause for nonrenewal. RCW 28A.405.210. The teacher may then request a hearing to determine whether sufficient cause for nonrenewal existed. RCW 28A.405.210.

Provisional teachers are covered by RCW 28A.405.220, and they are specifically excluded from any rights under RCW 28A.405.210. "Provisional employees" are "person[s] employed by a school district in a teaching ... position ... during the first two years of employment by such district ...." RCW 28A.405.220.

Replacement teachers are covered by RCW 28A.405.900, which provides in part:

> Certificated employees subject to the provisions of RCW 28A.405.010 through 28A.405.240 ... shall not include those certificated employees hired to replace certificated employees who have been granted sabbatical, regular, or other leave by school districts.
>
> It is not the intention of the legislature that this section

with a school district, hereinafter referred to as "employee", shall be employed except by written order of a majority of the directors of the district ... , nor unless he or she is the holder of an effective teacher's certificate or other certificate required by law or the state board of education for the position for which the employee is employed.

The board shall make with each employee employed by it a written contract, ... limited to a term of not more than one year. ...

In the event it is determined that there is probable cause or causes that the employment contract of an employee should not be renewed by the district for the next ensuing term such employee shall be notified in writing ... , which notification shall specify the cause or causes for nonrenewal of contract. ... Every such employee so notified, at his or her request made in writing and filed with the president, chair or secretary of the board of directors of the district within ten days after receiving such notice, shall be granted opportunity for hearing pursuant to RCW 28A.405.310 to determine whether there is sufficient cause or causes for nonrenewal of contract .... If any such notification or opportunity for hearing is not timely given, the employee entitled thereto shall be conclusively presumed to have been reemployed by the district for the next ensuing term upon contractual terms identical with those which would have prevailed if his or her employment had actually been renewed by the board of directors for such ensuing term.

This section shall not be applicable to "provisional employees" as so designated in RCW 28A.405.220 ....

apply to any regularly hired certificated employee or that the legal or constitutional rights of such employee be limited, abridged, or abrogated.

The District contends that the cadre teachers were replacement teachers and, thus, that RCW 28A.405.900 excludes them from the continuing contract law. The cadre teachers argue that substitute teachers "essentially 'stabled' by one school district are 'regularly hired' teachers and not 'replacement' employees." Thus, according to the teachers, RCW 28A.405.900 does not apply to them.

We review de novo a summary judgment based upon statutory construction. *McFreeze Corp. v. Dep't of Revenue*, 102 Wn. App. 196, 198, 6 P.3d 1187 (2000). In construing a statute, we seek to ascertain and give effect to the legislature's intent. *Duke v. Boyd*, 133 Wn.2d 80, 87, 942 P.2d 351 (1997). We look first to the plain language of the statute. *Duke*, 133 Wn.2d at 87. And, if the statute is ambiguous, we look beyond its terms for legislative intent. *Duke*, 133 Wn.2d at 86. A statute is ambiguous when it is susceptible to two or more reasonable interpretations. *State v. Tili*, 139 Wn.2d 107, 115, 985 P.2d 365 (1999). Terms not defined by a statute are given their usual and ordinary meaning. *Nationwide Ins. v. Williams*, 71 Wn. App. 336, 342, 858 P.2d 516 (1993). We refer to a dictionary for the usual and ordinary meaning of words. *Nationwide Ins.*, 71 Wn. App. at 342. Finally, we construe statutes to avoid absurd or strained results. *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

The language of RCW 28A.405.900 supports the conclusion that the cadre substitutes were replacement teachers. The exclusion applies to "certificated employees hired to replace certificated employees who have been granted sabbatical, regular, or other leave." RCW 28A.405.900. The dictionary defines "replace" as "to take the place of: serve as a substitute for or successor of." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1925 (1969). The dictionary also defines the verb form of "substitute" as "to take the place of." WEBSTER'S, *supra*, at 2280. The words

have precisely the same meaning, and serving as a substitute is actually part of the definition of "replace." Thus, a teacher who "replaces" another teacher is the same as a teacher who "substitutes" under the ordinary meaning of these terms.

But the cadre teachers argue that replacement teachers under RCW 28A.405.900 are teachers that are "truly replacements hired for specific coverage or on an ad hoc basis without a written contract." They contend that the exclusion applies only to teachers hired for an extended time to replace specific teachers because "leave" refers to long-term leave. The teachers point to a letter from the office of the superintendent of Tacoma Public Schools that described the difference between cadre substitutes and employees given replacement contracts: "[C]adre substitutes are generally used to fill in for teachers who are on paid leaves, such as sick leave, bereavement leave or professional leave. Employees given replacement contracts are covering for positions held by employees on sabbatical leave or unpaid leave."

■ But the language of RCW 28A.405.900 does not distinguish between long-term and short-term replacements. Rather, the phrase "sabbatical, regular, or other leave" is broad and includes any kind of leave or absence from work, without limitation. According to the relevant dictionary definition, "leave" is simply "an authorized absence or vacation from duty or employment." WEBSTER'S, *supra* at 1287. Moreover, interpreting the statute to apply only to long-term replacements leads to an anomalous result. Substitutes hired as long-term replacements would be excluded from continuing contract rights, but substitutes hired as short-term replacements would be granted continuing contract rights. This runs counter to the overall statutory scheme, which grants continuing contract rights only to teachers who have served a minimum period of time with the district. *See* RCW 28A.405.220, .210.

The teachers also point to the collective bargaining agreement, which defines a "Continuing Contract" as "[a]n em-

ployee with a Personal Contract Agreement pursuant to RCW 28A.67.070 [*recodified as* RCW 28A.405.210 by *Laws of* 1990, ch. 33]." It defines a "Provisional Contract" as "[a]n employee with a Personal Contract Agreement pursuant to RCW 28A.67.072 [*recodified as* RCW 28A.405.220 by *Laws of* 1990, ch. 33]." The agreement defines a "Replacement Contract" as "[a]n employee with a Personal Contract Agreement pursuant to RCW 28A.67.900 [*recodified as* RCW 28A.405.900 by *Laws of* 1990, ch. 33]." Cadre substitutes are the subject of a separate section, but the agreement provides no statutory reference under this section. The teachers argue that this shows that the District believed that RCW 28A.405.900 did not apply to cadre substitutes.

But a 1975 opinion of the Washington State Attorney General supports excluding the substitute teachers and interpreting "leave" under RCW 28A.405.900 to include sick leave. 1975 Letter Op. Att'y Gen. No. 90, at 5. The opinion concluded that RCW 28A.405.210 did not require school districts to have written contracts with substitute teachers because "teachers employed by a school district to replace certificated employees who have been granted leave by a school district, including 'sick' leave under RCW 28A.58.100 [*recodified as* RCW 28A.400.300 *by Laws of 1990*, ch. 33], are not subject to . . . RCW 28A.67.070 [*recodified as* RCW 28A.405.210 *by Laws of 1990*, ch. 33]." 1975 Letter Op. Att'y Gen. No. 90, at 5. Thus, according to the Attorney General, RCW 28A.405.900 excludes substitute teachers from continuing contract rights regardless of whether they fill in for short- or long-term leave.

RCW 28A.400.300, the statute cited by the Attorney General, requires school districts to "[a]dopt written policies granting leaves to persons under contracts of employment . . . , including but not limited to . . . sabbatical leaves . . . and leaves for illness, injury, bereavement and, [sic] emergencies . . . ." RCW 28A.400.300(2). Similarly, RCW 28A.405.900 concerns teachers who "have been granted sabbatical, regular, or other leave." RCW 28A.-

405.900. Under the Attorney General's interpretation, "other leave" includes sick leave and other short-term leave, in addition to sabbaticals and other long-term leave. *See* 1975 Letter Op. Att'y Gen. No. 90, at 5. Thus, RCW 28A.-405.900 applied to both cadre substitutes and replacement teachers, assuming there was such a distinction based on length of leave.

▮▮▮ The cadre teachers argue that they were "regularly hired" teachers, to which RCW 28A.405.900 by its terms does not apply. They contend that the legislature added the "regularly hired" clause to prevent school districts from abusing the continuing contract rights exclusion. The statute does not define "regularly hired." The dictionary supplies "normal" and "typical" as synonyms for "regular." WEBSTER'S, *supra* at 1913. The normal and typical manner of hiring a teacher is as a full-time teacher, not as a substitute; school districts hire substitute teachers to fill in for regular teachers. Thus, "regularly hired" refers to regular teachers and clarifies that a permanent replacement teacher is not to be excluded from statutory rights.

Furthermore, although the District promised each substitute a minimum number of days of work in the cadre contracts, the substitutes gave no promise in return. In several unrebutted affidavits, the District explained that the teachers were free to reject specific job offers and were not obligated to work 160 days or any set number of days a year. Thus, the contracts did not provide regular employment of the substitutes for an agreed number of workdays. We conclude that the contracts did not raise the cadre substitutes to the status of "regularly hired" teachers within the meaning of RCW 28A.405.900.

The cadre teachers also argue that even if RCW 28A.405.900 applies to substitute teachers, they were not actually substitute teachers. They cite a statute defining "substitute teacher" as:

(a) A teacher who is hired by an employer to work as a temporary teacher, except for teachers who are annual contract employees of an employer and are guaranteed a minimum number of hours; or

(b) Teachers who either (i) work in ineligible positions for more than one employer or (ii) work in an ineligible position or positions together with an eligible position.

RCW 41.32.010(36). The teachers contend that they were not substitute teachers under this definition because they were guaranteed a minimum number of days and were not able to work for other school districts. But this definition is found in a separate title of the Revised Code that deals with teachers' retirement benefits and does not apply in this context. The statute distinguishes substitute teachers from other teachers for the purpose of retirement benefits. *See* ch. 41.32 RCW. Also, whether a position is "ineligible" or "eligible" in the statute refers to eligibility for retirement benefits, and it has no relation to whether teachers are not able to work for other school districts. *See* RCW 41.32-.010(36)-(37).

The cadre teachers also argue that their contracts with the District were illegal because the District created the cadre substitute program to avoid continuing contract laws. They contend that the statement in each contract referring to the RCW 28A.405.900 exclusion was ineffective because "a school district cannot offer or force a teacher into a contract on condition that they waive their continuing contract rights," citing *Kelso Education Association v. Kelso School District No. 453*, 48 Wn. App. 743, 740 P.2d 889 (1987). The teachers misconstrue *Kelso Education Association*. In that case, the court held that school districts could offer supplemental contracts, which are exempt from continuing contract rights, only for performance of extracurricular duties, not curricular duties. *Kelso Educ. Ass'n*, 48 Wn. App. at 748. Otherwise, school districts could avoid the continuing contract law by using supplemental contracts for curricular duties. *See Kelso Educ. Ass'n*, 48 Wn. App. at 748. *Kelso Education Association* does not apply here because the cadre contracts were not supplemental contracts.

██ ██ Finally, the statutory scheme as a whole also supports interpreting RCW 28A.405.900 as excluding the cadre teachers from continuing contract law. A court should adopt the interpretation of a statute that best advances its

legislative purpose. *Bennett v. Hardy*, 113 Wn.2d 912, 928, 784 P.2d 1258 (1990). Although not a true tenure law, the continuing contract law is similar to tenure laws. *Peters v. S. Kitsap Sch. Dist. No. 402*, 8 Wn. App. 809, 813-14, 509 P.2d 67 (1973); *see also Arnim v. Shoreline Sch. Dist. No. 412*, 23 Wn. App. 150, 154, 594 P.2d 1380 (1979). It affords reemployment rights to all covered employees. *Arnim*, 23 Wn. App. at 154; *Peters*, 8 Wn. App. at 813. And coverage under the continuing contract system is keyed to length of service. Replacement teachers are excluded from continuing contract rights. RCW 28A.405.900. Provisional teachers, who are in their first two years with a district, are entitled to an informal appeal procedure on nonrenewal of their contracts. RCW 28A.405.220. Regular teachers are entitled to continuing contract rights and a formal appeal procedure upon nonrenewal. RCW 28A.405.210.

Thus, the continuing contract rights are obtained with seniority and length of service. Classifying substitute teachers as regular teachers entitled to continuing contract rights does not fit the logic of this system. Here, based solely upon the contracts, the cadre teachers would have continuing contract rights without regard to their length of service. The statutory scheme does not contemplate this result.

We affirm summary judgment in favor of the District.

SEINFIELD and HUNT, JJ., concur.