FILED
COURT OF APPEALS
DIVISION II

2014 AUG 26 AM 11: 34

STATE OF WASHINGTON

BY
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| LYNDA SCHLOSSER, | No. 44750-9-II |
| Appellant, | |
| v. | |
| BETHEL SCHOOL DISTRICT, | PUBLISHED OPINION |
| Respondent. | |

HUNT, P.J. — Lynda Schlosser, a certified teacher with the Bethel School District, appeals the superior court's order affirming a hearing officer's decision that the District had probable cause to "terminate" her employment. She argues that the superior court erred in ruling that (1) her post-"deprivation"[1] hearing satisfied her due process rights and, therefore, she was not entitled to a predeprivation hearing; and (2) substantial evidence supported the hearing officer's Findings of Fact and Conclusions of Law that Schlosser was an "unsatisfactory" teacher. The District counters that (1) Schlosser was not entitled to a predeprivation hearing; and (2) the hearing officer's record showed "sufficient cause" for the District's declining to renew her contract. We hold that Schlosser was not entitled to a predeprivation hearing, that she received due process, and that substantial evidence supported the hearing officer's decision. We affirm the superior court's affirmance of the hearing officer's ruling that the District had probable cause not to renew Schlosser's teaching contract.

---

[1] The parties use the term "deprivation" as synonymous with "termination from employment," in contrast with nonrenewal of a teacher's annual contract.

FACTS

From the mid-1980s until 1998, Lynda Schlosser taught business in the Clover Park School District. In 1998, she began teaching at Bethel High School, where she continued to teach business related subjects. Like all Washington teachers, Schlosser had annual evaluations that addressed seven teaching criteria specified in RCW 28A.405.100[2]: (1) instructional skill; (2) classroom management; (3) professional preparation and scholarship; (4) efforts toward improvement when needed; (5) handling student discipline and attendant problems; (6) interest in teaching students; and (7) knowledge of subject matter. A teacher receives a rating of "Satisfactory" or "Unsatisfactory" in each category and overall. Clerk's Papers (CP) at 4.

From 1998 through 2008, all of Schlosser's evaluation reports for her teaching at Bethel High School were "Satisfactory." CP at 5. On Schlosser's May 29, 2009 report, however, Assistant Principal Susan Mayne rated Schlosser "Unsatisfactory" for classroom management and handling student discipline, "satisfactory" in the other five areas, and "Satisfactory" overall. CP at 5. In a May 27, 2010 report, Mayne rated Schlosser "Unsatisfactory" in instructional skill, "satisfactory" in all other areas, and "Satisfactory" overall. CP at 5. But in Schlosser's May 27, 2011 report a year later, Assistant Principal Brad Westering[3] rated Schlosser as "Satisfactory" for her handling of student discipline and her interest in teaching students, but "unsatisfactory" in all other areas and overall. CP at 5.

---

[2] The legislature amended RCW 28A.405.100 in 2010. LAWS OF 2010, ch. 235, § 202. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[3] Although the hearing officer's decision refers to the Assistant Principal as "Scott Westering," CP at 136, the record reveals that his name is "Brad Westering." CP at 36.

In a February 1, 2012 letter, Superintendant of Schools Thomas G. Seigel notified Schlosser that based on her performance evaluations, her overall performance was unsatisfactory; and he placed her on a 60-school-day probation period effective February 3. This letter also included a plan for Schlosser's improvement. To implement this plan, the District hired Connie West, a retired Peninsula School District administrator, to work with Schlosser with the goal of helping her return to a "satisfactory" status.[4] CP at 5. Over the course of four months, West conducted eight evaluations of Schlosser, all of which were "Satisfactory" in only one category—interest in teaching students—and "Unsatisfactory" in all other categories and overall. CP at 6. Because of her husband's medical issues, Schlosser did not attend the last evaluation session; however, she did attend the others with her union representative, Tom Cruver.

On May 11, after receiving West's and Cruver's reports, Seigel sent a May 11, 2012 letter to Schlosser notifying her he had "determined that probable cause exist[ed] to nonrenew [her] employment with Bethel School District No. 403 effective at the end of the 2011-12 school year." CP at 1146. Seigel based his determination on Schlosser's "final evaluation and the supporting materials submitted by [her] evaluators," which showed that her performance was unsatisfactory for the following statutory criteria[5]:

Criterion 1:   Instructional skill
Criterion 2:   Classroom management
Criterion 3:   Professional preparation and scholarship
Criterion 4:   Effort toward improvement when needed
Criterion 5:   Handling student discipline and attendant problems

---

[4] Schlosser does not dispute that this improvement plan met statutory requirements.

[5] RCW 28A.405.100(1)(a).

3

Criterion 7:    Knowledge of subject matter

CP at 1146.

Schlosser appealed the Superindendent's decision to a hearing officer under RCW 28A.405.210[6], .310(4).[7] Both Schlosser and the District were represented by counsel at the hearing. The hearing officer took testimony from Seigel, Mayne, and Westering. After 4 days of testimony involving 38 exhibits, the hearing officer found that the District had established probable cause to issue Schlosser a notice of nonrenewal of her teaching contract.

Schlosser appealed the hearing officer's decision to superior court, which affirmed. The superior court ruled that (1) substantial evidence supported the hearing officer's decision, including his Findings of Fact and Conclusions of Law; (2) the hearing officer's decision was not clearly erroneous or arbitrary and capricious; (3) Schlosser had received due process in that she had an ample opportunity to be heard post-deprivation; and (4) she was not entitled to a predeprivation hearing under RCW 28A.405.210. Schlosser now appeals to this court.

ANALYSIS

I. DUE PROCESS

Schlosser first argues that the District's failure to provide a predeprivation hearing before deciding not to renew her teaching contract violated her constitutionally protected property interest in continued employment. The District counters that (1) Schlosser did not have a property interest in renewing her contract and, thus, she was not entitled to a hearing before the

---

[6] The legislature amended RCW 28A.405.210 in 2010. LAWS OF 2010, ch. 235, § 303, effective June 10, 2010. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[7] Both statutes give an aggrieved teacher an opportunity to appeal a superintendent's decision to a hearing officer.

Superindendent issued his nonrenewal decision; nevertheless, (2) the District provided her with due process when it followed the post-deprivation review procedures in chapter 28A.405 RCW. We agree with the District.

A.  Standard of Review; Underlying Principles

Whether the hearing officer's decision, or the statute supporting the order, violates constitutional provisions is a question of law, which we review de novo. *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 215, 143 P.3d 571 (2006). When reviewing an administrative action, we sit in the same position as the superior court, applying the standards of the Washington Administrative Procedure Act[8] directly to the record before the agency. *Tapper v. State Emp't Sec. Dep't*, 122 Wn.2d 397, 402, 858 P.2d 494 (1993). It is undisputed that the State may not deprive its citizens of a property interest without procedural due process. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538, 105 S. Ct. 1487, 84 L. Ed. 2d. 494 (1985).

But to determine whether the District deprived Schlosser of due process, we must first determine whether a property interest existed entitling her to such protections. *Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n*, 149 Wn.2d 17, 29, 65 P.3d 319 (2003); *see also Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 569, 92 S. Ct. 2701, 33 L. Ed. 2d 548 (1972). Such property interest is "'defined by existing rules or understandings that stem from an independent source such as state law.'" *Loudermill*, 470 U.S. at 538 (quoting *Roth*, 408 U.S. at 577). Schlosser cites no Washington authority holding that a certificated teacher has a property interest in renewing his or her contract.

---

[8] Chapter 34.05 RCW.

If Schlosser had a property interest entitling her to due process protections, then we must determine what process is due. *Wash. Indep. Tel. Ass'n*, 110 Wn. App. 498, 508, 41 P.3d 1212 (2002) (citing *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)), *aff'd*, 149 Wn.2d 17 (2003). Our legislature created a statutory scheme with heightened procedural due process protections for discharging school certificated employees in general. RCW 28A.405.300-.380. But it also promulgated a separate set of statutes governing school district decisions not to renew contracts of certificated employees, such as teachers; these statutes provide for post-decision review of decisions not to renew a teacher's contract. *See* RCW 28A.405.210-.240. Schlosser does not dispute that the District "follow[ed] the procedures outlined for teacher evaluation and contract nonrenewal" under chapter 28A.405 RCW. Reply Br. of Appellant at 4.

Instead, she argues that Washington's statutory scheme does not provide due process because it provides for a hearing only after a school district has decided not to renew a teacher's contract, not before. When applying chapter 28A.405 RCW and when determining due process protections, Washington courts distinguish between nonrenewal of teachers' contracts and teachers' discharge from employment. *See, e.g., Petroni v. Bd. of Dirs. of Deer Park Sch. Dist. No. 414*, 127 Wn. App. 722, 729, 113 P.3d 10 (2005) (holding that procedural protections

governing discharge do not apply to nonrenewal of teacher contracts).[9] This distinction is fatal to Schlosser's claims.

B. Due Process Not Applicable to Nonrenewal under RCW 28A.405.210 and .220

Schlosser contends that the continuing contract statute, former RCW 28A.405.220 (2009),[10] vests in certificated teachers a right essentially identical to "tenure." Reply Br. of Appellant at 9. She argues that (1) the statute specifies teachers are "provisional until they have completed three years of service"[11] with satisfactory performance; (2) thus, once she completed three "satisfactory" years with the District, her status as a teacher was no longer "provisional"; (3) as a result, she has the same property interest in continuing employment as that enjoyed by tenured teachers; and (4) we should extend to her the due process predeprivation protections that some courts have required for tenured employees. Br. of Appellant at 40-41 (citing *McMillen v. U.S.D. 380*, 253 Kan. 259, 266, 855 P. 2d 896 (1993)). Schlosser's attempt to analogize to tenure fails because (1) tenure is a creation of statutory or contract law, not common law; and (2) Washington does not provide tenure for public employees of "'common schools,'" which was

---

[9] *See also Barnes v. Seattle Sch. Dist. No. 1*, 88 Wn.2d 483, 487-88, 563 P.2d 199 (1977) (holding that relief under discharge statute unavailable to employees whose contracts not renewed because of school district's adverse financial conditions); *Carlson v. Centralia Sch. Dist. No. 401*, 27 Wn. App. 599, 605, 619 P.2d 998 (1980) (holding that "economic reasons," reduction in force because of budget cuts, were probable cause for nonrenewal of teachers' contracts and the district complied with statutory requirements for nonrenewal, which "derive from due process requirements").

[10] The legislature amended RCW 28A.405.220 in 2010. LAWS OF 2010, ch. 235, § 203, effective June 10, 2010. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[11] Reply Br. of Appellant at 9-10.

Schlosser's status here.[12] *Kirk v. Miller*, 83 Wn.2d 777, 778, 780, 522 P. 2d 843 (1974) (quoting

former RCW 28A.05.010 (1969), *recodified as* RCW 28A.230.020).

Washington's statutory scheme distinguishes between "common school provisions,"

governed by Title 28A RCW, and "higher education," governed by Title 28B RCW.  As a

teacher in Bethel School District, Schlosser falls under Title 28A RCW:

> "Common schools" means schools maintained at public expense in each school
> district and carrying on a program from kindergarten through the twelfth grade or
> any part thereof including vocational educational courses otherwise permitted by
> law.

RCW 28A.150.020.  Common schools include public schools, such as Bethel High School.

RCW 28A.150.010.

> As our Supreme Court explained 40 years ago:

> [T]enure statutes change the common-law right of boards of education to contract
> with teachers, by changing the system from one of tenure by contract ending
> automatically at the expiration of the contract to one of a permanent tenure period.
> We emphasize that a continuing contract statute such as ours, providing for
> automatic renewal of teachers' contracts in the absence of notice, *does not
> establish tenure for teachers*.

*Kirk*, 83 Wn.2d at 780 (emphasis added).[13]

Title 28B RCW tenure provisions and cases addressing continued employment of *tenured*

teachers do not apply to this case; instead, Washington's applicable statutory scheme includes

specific procedures, "derive[d] from due process," governing contract renewal for teachers such

as Schlosser. *See Carlson v. Centralia Sch. Dist. No. 401*, 27 Wn. App. 599, 605, 619 P.2d 998

---

[12] Schlosser taught at Bethel High School, a public school.  As a certificated teacher, she was subject to chapter 28A.405 RCW.  *See* RCW 28A.405.900.

[13] (Citing *State ex rel. Mary M. Knight Sch. Dist. No. 311 v. Wanamaker*, 46 Wn.2d 341, 345, 281 P.2d 846 (1955); 78 C.J.S. Schools and School Districts § 180 (1952)).

(1980). RCW 28A.405.210 expressly limits a certificated teacher's contract term to not more than one year, which one-year term is automatically renewal for an additional year if the employee is not notified in writing on or before May 15. If a school district decides not to renew a teacher's contract for the following school year, the statute requires the district's May 15 notification to specify the cause for nonrenewal and gives the employee a right to request a hearing.[14] RCW 28A.405.210.

As we have explained:

[T]he Washington law dealing with teacher rights and responsibilities is not a true tenure law. Under [former] RCW 28A.67.070 [recodified by LAWS OF 1990, ch. 33, § 4, current version at RCW 28A.405.210] *every* teacher under contract with the school district has certain reemployment rights which apply with equal force to all teachers without reference to length of service. *The statute does not create tenured and nontenured classes of teachers with reemployment preferences given to the former group and denied to the latter.*

*Peters v. S. Kitsap Sch. Dist. No. 402*, 8 Wn. App. 809, 813, 509 P.2d 67, *review denied*, 82 Wn.2d 1009 (1973) (second emphasis added). Thus, Schlosser had neither tenure rights to continue her public school employment nor a property interest in continued employment that is analogous to tenure rights. We hold, therefore, that in following the statutory procedures and deciding not to renew Schlosser's teaching contract, the District did not deprive her of a property interest requiring due process.

---

[14] The District also emphasizes that requiring a pretermination or prenotice of nonrenewal hearing for every decision not to renew a teacher's contract would overburden schools. In support, the District (1) notes that "[i]n the spring of 2009, . . . 137 of Washington's 295 school districts issued [reduction in force] notices to more than 1800 classroom teachers—representing 3 [percent] of *all* teachers in Washington"; and (2) concludes that in 2009, Schlosser's interpretation would have required 1800 nonrenewal teacher contract hearings throughout the state. Br. of Resp't at 32 (citing CP at 3234-238).

Nevertheless, we address the alternative issue of whether the District's following the statutory procedures accorded Schlosser due process. Thus, we next assume, without deciding, that renewal of Schlosser's teaching contract was a property interest and address whether the statutory procedures the District followed here (post-deprivation hearing) comported with due process requirements.

C. Statutory Procedures Meet Constitutional Due Process Requirements

Schlosser contends that (1) the cases on which the District relies predated *Loudermill* and, thus, no longer apply; and (2) *Loudermill* required the District to afford her a hearing *before* it decided not to renew her teaching contract.[15] It is irrelevant that these other cases predated *Loudermill* for the following reasons: First, in *Loudermill* the United States Supreme Court held that a pretermination hearing was necessary before deciding to *discharge* a public employee; but it did not address nonrenewal of an annual contract. *Loudermill*, 470 U.S. at 542. Second, *Loudermill* involved Ohio law, not Washington's statutory scheme. Third, the Court neither

---

[15] Schlosser relies on *Loudermill* for the proposition that an "employee is entitled to be afforded the opportunity to invoke the discretion of the decision maker before the adverse action." Br. of Appellant at 21. But her reliance is misplaced because the *Loudermill* Court noted in passing that in "[d]ismissals for cause," where "the appropriateness or necessity of the discharge may not be [clear,] the only meaningful opportunity to invoke the discretion of the decisionmaker is likely to be before the termination takes effect." *Loudermill*, 470 U.S. at 543 (emphasis added). Although the Court discussed the value of a pretermination hearing in dismissals for cause, it never addressed the question of whether an employer must provide a hearing before declining to renew an employee's contract. *See Loudermill*, 470 U.S. at 543.

Similarly, when we revisited chapter 28A.405 RCW in 2000, after *Loudermill*, we held that former RCW 28A.405.210's automatic renewal procedures, though "*similar* to tenure laws," did not create "a true tenure law." *Moldt v. Tacoma Sch. Dist. No. 10*, 103 Wn. App. 472, 482, 12 P.3d 1042 (2000) (emphasis added). And although we held that "[r]egular teachers" are entitled to "a formal appeal procedure upon nonrenewal," we did not hold that a school district must hold a pretermination hearing before deciding not to renew a teacher's contract. *Moldt*, 103 Wn. App. at 482 (citing former RCW 28A.405.210 (1996)).

addressed nor held that post-deprivation procedures deprive employees of due process; on the contrary, the Court noted that sometimes such procedures may be sufficient to provide due process. *Loudermill*, 470 U.S. at 542 n.7.

Although our Washington State courts have not yet directly addressed the issue before us here, our Supreme Court has reviewed a former codification of RCW 28A.405.210,[16] former RCW 28A.67.070 (1970), in the context of a budget-driven reduction in staff. *Pierce v. Lake Stevens Sch. Dist. No. 4*, 84 Wn.2d 772, 774-75, 529 P.2d 810 (1974). In *Pierce*, the court (1) considered that former RCW 28A.67.070 (a) required a district to provide notice before deciding not to renew a contract and (b) entitled an aggrieved employee to request a hearing; and (2) held that the "procedural requirements of due process as laid down by the Supreme Court . . . are met by these statutes." *Pierce*, 84 Wn.2d at 777. Applying our Supreme Court's *Pierce* rationale here, we similarly hold that the District's post-deprivation review, which followed the statutory requirements, met procedural due process requirements. *Pierce*, 84 Wn.2d at 777.

## II. SUFFICIENT EVIDENCE

Schlosser also argues that the hearing officer lacked substantial evidence to support his conclusion that she was an unsatisfactory teacher, thereby justifying nonrenewal of her teaching contract. The District counters that the "numerous evaluations conducted by experienced administrators identified several deficiencies in Ms. Schlosser's teaching" and gave the hearing officer substantial evidence on which to base his findings that the District established that

---

[16] The legislature recodified former RCW 28A.67.070 as RCW 28A.405.210 according to LAWS OF 1990, ch. 33, § 4. Neither the recodification nor the subsequent amendments to RCW 28A.405.210 in 1996, 2005, 2009, and 2010, altered the May 15 deadline to notify a teacher that a school district would not renew his or her contract.

Schlosser's performance was unsatisfactory. Br. of Resp't at 18. We hold that substantial evidence supported the hearing officer's decision.

## A. Standards of Review

We review a hearing officer's administrative decision to determine whether the officer acted arbitrarily, capriciously, or contrary to law. *Haynes v. Seattle Sch. Dist. No. 1*, 111 Wn.2d 250, 255, 758 P.2d 7 (1988). An "arbitrary and capricious" act means "willful and unreasoning action in disregard of facts and circumstances." *Washington Waste Sys., Inc. v. Clark County*, 115 Wn.2d 74, 81, 794 P.2d 508 (1990). Where there is room for two opinions, an administrative action is not arbitrary or capricious if the agency rendered its decision honestly and with due consideration, even if we believe that the agency reached an erroneous conclusion. *Freeman v. State*, 178 Wn.2d 387, 403, 309 P.3d 437 (2013); *Porter v. Seattle Sch. Dist. No. 1*, 160 Wn. App. 872, 880, 248 P.3d 1111 (2011).

We review the hearing officer's factual determinations under the "'[c]learly erroneous'" standard. *Clarke v. Shoreline Sch. Dist. No. 412*, 106 Wn.2d 102, 109-10, 720 P.2d 793 (1986) (quoting former RCW 28A.58.480(5) (1976)[17]). A factual determination is clearly erroneous if it is not supported by substantial evidence in the record. *State v. Jeannotte*, 133 Wn.2d 847, 856, 947 P.2d 1192 (1997). When reviewing the application of the law to the facts, we determine the applicable law de novo and give deference to the hearing officer's factual determinations. *Clarke*, 106 Wn.2d at 109-10. Like the superior court sitting in its appellate capacity, we confine our review of the hearing officer's decision to the verbatim transcript and the evidence admitted at the hearing. *See* RCW 28A.405.340.

---

[17] *Recodified as* RCW 28A.405.340 (LAWS OF 1990, ch. 33, § 4).

B. Statutory Grounds for Nonrenewal of Teacher's Contract for Cause

Our legislature has given a public school superintendent authority to not renew a certificated employee's contract based on probable cause. RCW 28A.405.210. If a teacher's performance is not satisfactory, the school must establish a probationary period of 60 school days. RCW 28A.405.100(4)(b).[18] If a teacher's deficiencies are remediable, the district must also provide the teacher with "a reasonable program for improvement." RCW 28A.405.100(4)(a). A finding of probable cause exists under RCW 28A.405.300[19] or RCW 28A.405.210 if the teacher fails to make "necessary improvement[s] during the established probationary period, as specifically documented in writing with notification to the [teacher]." RCW 28A.405.100(4)(b). Deficiencies in a teacher's professional skill and competency may be grounds for nonrenewal of the teacher's contract. RCW 28A.405.100(4)(b); *see also Myking v. Bethel Sch. Dist. No. 403*, 21 Wn. App. 68, 72-73, 584 P.2d 413 (1978), *review denied*, 91 Wn.2d 1010 (1979).

The District evaluated Schlosser's professional skill and competency using the statutory minimum criteria: "Instructional skill; classroom management, professional preparation and scholarship; effort toward improvement when needed; the handling of student discipline and attendant problems; and interest in teaching pupils and knowledge of subject matter." RCW 28A.405.100(1)(a). Based on Schlosser's repeated unsatisfactory ratings in six of the seven

---

[18] The legislature amended RCW 28A.405.100 in 2010. LAWS OF 2010, ch. 235, § 202, effective June 10, 2010. It amended the statute again in 2012. LAWS OF 2012, ch. 35, § 1, effective June 7, 2012. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[19] The legislature amended RCW 28A.405.300 in 2010. LAWS OF 2010, ch. 235 § 305. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

criteria, the Superintendent decided not to renew her contract. The hearing officer concluded that Schlosser's evaluations gave the Superintendent probable cause, under RCW 28A.405.210, not to renew her contract.

## C. Unsatisfactory Performance

Schlosser argues that substantial evidence did not support the hearing officer's decision that the District had probable cause to not renew her contract and, therefore, his decision was "arbitrary and capricious." Br. of Appellant at 45. She asserts[20] that the hearing officer lacked substantial evidence to enter finding of fact 2 (that Schlosser's evaluations showed she was deficient), and additional finding of fact 3[21] (that Schlosser could not have attended a predeprivation meeting and that it was highly improbable that a different result would have occurred had she been afforded such an opportunity). Schlosser also contends that the hearing officer's conclusion of law 6 (that due process does not require the Superindendent to hold a hearing with a teacher before issuing a notice of nonrenewal), and conclusion of law 3 (the overall conclusion that the District proved that Schlosser was not a satisfactory teacher), are contrary to the weight of the evidence and should be set aside.

### 1. Finding of fact 2: evaluations

Schlosser argues that substantial evidence did not support the hearing officer's finding of fact 2 that her evaluations showed she was deficient. The District counters that school

---

[20] Schlosser assigns error to various factual findings and legal conclusions in the hearing officer's decision. But the hearing officer did not separately number all of his findings and conclusions.

[21] The hearing officer did not formally designate this statement as a finding of fact; rather, he prefaced three of his findings of fact with the statement: "In addition, I note: . . . ." CP at 12. We treat these statements as findings of fact despite their not having been numbered.

14

administrator Susan Mayne, Brad Westering, and Connie West's consistent evaluations criticizing Schlosser's teaching constituted substantial evidence to support this finding. Although Mayne's 2009 and 2010 evaluations concluded that Schlosser's performance was satisfactory overall, they also included criticisms about her teaching, which the hearing officer found to be "accurate, fair and true." CP at 8. And in 2012, Mayne considered Schlosser to be "'close to the bottom'" in all evaluation categories. CP at 8.

Westering's 2010 and 2011 evaluations raised similar criticisms and found Schlosser's performance to be unsatisfactory overall. West's 2011 and 2012 evaluations included "most of the same findings as . . . in the prior year" and also evaluated Schlosser as unsatisfactory overall. CP at 8. Westering concurred in West's evaluations (covering January through May 2012), thus providing consistent evaluations of Schlosser's unsatisfactory performance over a three-year period. Thus, substantial evidence supports this finding.

2. Additional finding of fact 3: predeprivation meeting

Schlosser next argues that substantial evidence does not support the hearing officer's additional finding of fact 3 that it was "highly improbable" that a predeprivation meeting with the Superindendent would have produced a different result. Br. of Appellant at 47. The hearing officer based this challenged finding on the following facts[22]: (1) Schlosser, the evaluators, and the union representative were scheduled to meet on May 10, 2012, but Schlosser could not attend because her husband was ill; (2) the District was required to notify Schlosser by May 15, 2012 if it chose not to renew her contract; (3) Schlosser presented no evidence that she could have attended a meeting with the Superindendent between May 10 and May 15; and (4) in light of the

_____

[22] The hearing officer did not assign numbers to these additional findings of fact.

information before the Superindendent, it is unlikely that a predeprivation meeting would have produced a different result.

The hearing officer heard the following evidence: (1) that the short time between the May 10 final evaluation and the May 15 deadline, along with Schlosser's husband undergoing open heart surgery, could reasonably have prevented Schlosser from meeting with the Superindendent before May 15; (2) that Schlosser's teaching was unsatisfactory; and (3) that, according to two evaluators, Schlosser failed to remedy her deficiencies during the probationary period. We hold that substantial evidence supported the hearing officer's factual finding that it was highly improbable that a predeprivation meeting with the Superindendent would have produced a different result for Schlosser.[23]

### 3. Conclusion of law 3: unsatisfactory performance

Schlosser assigns error to the hearing officer's "overall conclusion that [she] was not a satisfactory teacher is contrary to the weight of the evidence and should be set aside." Br. of Appellant at 2. The District argues that the evidence from several educators consistently showed that Schlosser was not qualified and that the Superindendent properly decided against renewing her teaching contract. We agree with the District. Washington courts defer to the expertise of school principals and administrators in evaluating teacher qualifications:

> Without doubt, . . . professional educators have more expertise in [evaluating teacher qualifications] than do members of the judiciary.

---

[23] We note, however, that whether Schlosser could have attended a predeprivation meeting and whether such a meeting would have produced a different outcome matter only if Schlosser had been entitled to such a meeting. Because chapter 28A.405 RCW does not require a meeting before a school district decides not to renew a teacher's contract, Schlosser was not entitled to such a meeting.

*Arnim v. Shoreline Sch. Dist. No. 412*, 23 Wn. App. 150, 156, 594 P.2d 1380, *review denied*, 92 Wn.2d 1022 (1979). Whether sufficient cause exists to nonrenew a teacher's contract is a legal conclusion and "should not be disturbed unless it constitutes an error of law." *Griffith v. Seattle Sch. Dist. No. 1*, 165 Wn. App. 663, 671, 266 P.3d 932 (2011) (citing *Clarke*, 106 Wn.2d at 110), *review denied*, 174 Wn.2d 1004 (2012).

Schlosser's evaluations were thorough; they comprehensively summarized classroom topics, the events during the course of the lessons, and student and teacher activities. They included specific suggestions about how Schlosser could improve her classroom instruction. They graded Schlosser on the seven statutory criteria and her progress over the course of the semester, and supported these observations with specific events that occurred during class sessions. Schlosser's final evaluation, which included West's and Westering's evaluations,[24] summarized the results of 16 classes over the course of almost 3 months, plus 7 evaluations or conferences relating to Schlosser's teaching performance. These evaluations provided substantial evidence to support the Superindendent's decision not to renew Schlosser's teaching contract.

The hearing officer also reviewed these evaluations. He based his decision on Westering's and West's evaluations and testimonies, 38 exhibits, and Assistant Principal Mayne's and Superindendent Seigel's testimonies. And Schlosser has not shown that the hearing

---

[24] West and Westering also based their final evaluation on the seven statutory criteria in RCW 28A.405.100(1)(a).

officer willfully and unreasonably disregarded facts and circumstances.[25] *See Washington Waste Sys., Inc.*, 115 Wn.2d at 81.

We hold that (1) the hearing officer's findings of fact that Schlosser was an unsatisfactory teacher were not clearly erroneous because substantial evidence convincingly showed that Schlosser was "unsatisfactory"[26] over the course of the semester; (2) substantial evidence supports the hearing officer's overall conclusion that the District was justified in not renewing Schlosser's teaching contract; and (3) the hearing officer did not act arbitrarily, capriciously, or contrary to law. *See Haynes*, 111 Wn.2d at 255.

### III. ATTORNEY FEES

Schlosser requests reasonable attorney's fees under RAP 18.1. Because we affirm the superior court, we deny Schlosser's request for fees.

We affirm.

Hunt, P.J.

I concur:

Melnick, J.

---

[25] Schlosser asserts that the evaluators were biased, emphasizing her satisfactory teaching evaluations for over 25 years and an evaluator's one-time disagreement with her use of the word "'principal.'" Br. of Appellant at 12. Schlosser raised this argument before the hearing officer, who considered and rejected these claims of bias.

[26] *Clarke*, 106 Wn.2d at 109-10.

WORSWICK, J. (dissenting) — I respectfully dissent. RCW 28A.405.310(8) gives Lynda Schlosser a property interest in her contract's renewal. Because she had such an interest, procedural due process entitled Schlosser to an informal pre-deprivation hearing. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985). Bethel School District did not provide Schlosser a hearing prior to its decision to nonrenew her contract, thus violating her procedural due process rights.

## I. SCHLOSSER HAD A PROPERTY INTEREST IN CONTRACT RENEWAL

The majority correctly holds that chapter 28A.405 RCW does not provide teachers with rights analogous to tenure. *See Peters v. S. Kitsap Sch. Dist. No. 402*, 8 Wn. App. 809, 813, 509 P.2d 67 (1973). But RCW 28A.405.310(8) places substantive procedural restrictions on the decision maker's discretion over whether to nonrenew a teacher's contract, thus giving a teacher a property interest in his or her contract's renewal.

"Protected property interests include all benefits to which there is a legitimate claim of entitlement." *Crescent Convalescent Ctr. v. Dep't of Soc. & Health Servs.*, 87 Wn. App. 353, 358, 942 P.2d 981 (1997). A statute creates a legitimate claim of entitlement where it places *substantive* procedural restrictions on a decision maker's discretion. *Conard v. Univ. of Wash.*, 119 Wn.2d 519, 529-30, 834 P.2d 17 (1992); *Crescent Convalescent Ctr.*, 87 Wn. App. at 358. Substantive procedural restrictions are those restrictions containing "'substantive predicates'" to guide the decision maker's discretion and "'specific directives to the decision maker that if the regulations' substantive predicates are present, a particular outcome must follow.'" *Conard*, 119 Wn.2d at 529-30 (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 462-63, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989)). A statute stating that an employee can be deprived of

employment only "for cause" constitutes a substantive procedural restriction. *See Cain v. Larson*, 879 F.2d 1424, 1426 (7th Cir. 1989). RCW 28A.405.310(8) is such a statute.

RCW 28A.405.310(8) states:

Any final decision by the hearing officer to *nonrenew* the employment contract of the employee, or to discharge the employee, or to take other action adverse to the employee's contract status, as the case may be, shall be based solely upon the cause or causes specified in the notice of probable cause to the employee and *shall be established by a preponderance of the evidence at the hearing to be sufficient cause or causes for such action.*

(Emphasis added.) RCW 28A.405.310(8) comprises a substantive predicate to guide the decision maker's discretion over whether to nonrenew a teacher's contract (i.e., whether the stated probable cause for the teacher's nonrenewal is sufficient to warrant such nonrenewal) and gives a specific directive to the decision maker that if the stated probable cause is not sufficient, a particular outcome must follow (i.e., renewal of the teacher's contract).

Thus, RCW 28A.405.310(8) creates a substantive procedural restriction on the decision maker's discretion over whether to nonrenew a teacher's contract, thereby giving a teacher a property interest in his or her contract's renewal. This restriction entitles a teacher facing his or her contract's nonrenewal to procedural due process protections.

II. DUE PROCESS ENTITLES SCHLOSSER TO A PRE-DEPRIVATION HEARING

The majority alternatively assumes arguendo that Schlosser had a property interest in her contract's renewal, and then holds that the District's compliance with chapter 28A.450 RCW's post-deprivation hearing procedures satisfied due process. While due process requires a far less elaborate pre-deprivation hearing where a full post-deprivation hearing exists, such a full post-deprivation hearing does not remove due process's pre-deprivation hearing requirement. *Loudermill*, 470 U.S. at 545-46; *Clements v. Airport Auth. of Washoe County*, 69 F.3d 321, 332

(9th Cir. 1995); *Tellevik v. Real Prop. Known as 31641 W. Rutherford St.*, 120 Wn.2d 68, 82, 838 P.2d 111, 845 P.2d 1325 (1992).

Even where a full post-deprivation hearing is available, due process requires a hearing *prior* to deprivation of a property interest, absent extraordinary circumstances. *Loudermill*, 470 U.S. at 542, 546; *Tellevik*, 120 Wn.2d at 83. The "'root requirement' of the Due Process Clause [is] 'that an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest.'" *Loudermill*, 470 U.S. at 542 (quoting *Boddie v. Conn.*, 401 U.S. 371, 379, 91 S. Ct. 780, 28 L. Ed. 2d 113 (1971)).

Due process does not always require that this pre-deprivation hearing be a full evidentiary hearing. *Tellevik*, 120 Wn.2d at 82-83. The required scope of the pre-deprivation hearing is determined by balancing three factors: (1) the private interest affected; (2) the risk of erroneous deprivation of that interest through existing procedures and the probable value, if any, of additional procedural safeguards; and (3) the governmental interest, including costs and administrative burdens of additional procedures. *Loudermill*, 470 U.S. at 542-43; *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976); *Tellevik*, 120 Wn.2d at 82.

In *Loudermill*, the United States Supreme Court balanced these factors to determine what process was due to two public employees who were terminated without a pre-deprivation hearing, but who had an opportunity for a full post-deprivation hearing under former OHIO REV. CODE ANN. § 124.34 (1979). *Loudermill*, 470 U.S. at 536-37, 546. The Supreme Court held that even though former OHIO REV. CODE ANN. § 124.34 provided the public employee with an opportunity for a full post-deprivation hearing, due process nonetheless required provision of a pre-deprivation hearing. *Loudermill*, 470 U.S. at 545-48.

But the Supreme Court held that because former OHIO REV. CODE ANN. § 124.34 gave the teacher a full post-deprivation hearing, the pre-deprivation hearing need not be elaborate or formal, as long as it provides the employee with "[t]he opportunity to present reasons, either in person or in writing, why proposed action should not be taken." *Loudermill*, 470 U.S. at 546. The pre-deprivation hearing "need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action."[27] *Loudermill*, 470 U.S. at 545-46.

In determining that the post-deprivation hearing met constitutional due process requirements, the majority distinguishes *Loudermill* in three ways. I address each in turn.

First, the majority asserts that whereas the *Loudermill* Court addressed a decision to terminate an employee's contract, Schlosser's contract was merely nonrenewed. But the *Loudermill* Court's holding applies to any decision that deprives an employee of his or her property interest in "retaining employment." *See Loudermill*, 470 U.S. at 542-43. A teacher with a property interest in renewal of his or her contract, whose contract is nonrenewed, has been deprived of his or her property interest in "retaining employment." Thus, the distinction between discharge and nonrenewal does not remove the need for a pre-deprivation hearing in Schlosser's case.

---

[27] The majority mentions the District's concern that requiring a pre-deprivation hearing to teachers whose contracts are nonrenewed would overburden schools, given the number of teachers whose contracts are nonrenewed. Because the pre-deprivation hearings need not be formal or elaborate, the government interest in avoiding the minimal administrative burden of these informal hearings does not overcome the public employees' strong private interest in continued employment and the high risk of erroneous deprivation of that interest without a pre-deprivation hearing. *See Loudermill*, 470 U.S. at 544.

Second, the majority asserts that whereas *Loudermill* concerned former OHIO REV. CODE ANN. § 124.34's procedural protections, Schlosser's case concerns chapter 28A.405 RCW's procedural protections. But an opportunity for a full post-deprivation hearing exists in both former OHIO REV. CODE ANN. § 124.34 and chapter 28A.405 RCW. Given that former OHIO REV. CODE ANN. § 124.34's full post-deprivation hearing did not remove due process's pre-deprivation hearing requirement; chapter 28A.405 RCW's full post-deprivation hearing does not remove due process's pre-deprivation hearing requirement.

Finally, the majority asserts that the *Loudermill* Court stated that in certain rare cases, due process does not require a pre-deprivation hearing. But the two cases cited by the *Loudermill* Court as examples of this phenomenon were cases in which an extraordinary circumstance, the need to immediately seize potentially harmful products before they reached consumers, was present. *See Loudermill*, 470 U.S. at 542 n.7 (citing *Ewing v. Mytinger & Casselberry, Inc.*, 339 U.S. 594, 70 S. Ct. 870, 94 L. Ed. 1088 (1950); *N. Am. Cold Storage Co. v. Chi.*, 211 U.S. 306, 29 S. Ct. 101, 53 L. Ed. 195 (1908)). Because the District has not raised extraordinary circumstances in Schlosser's case, the holdings of *Ewing* and *North American Cold Storage Company* are inapplicable.

Instead of applying the *Loudermill* factors, the majority relies on *Pierce v. Lake Stevens School District Number 4*, 84 Wn.2d 772, 529 P.2d 810 (1974), which predates *Loudermill*. In *Pierce*, our Supreme Court stated that "[t]he procedural requirements of due process . . . are met by [Washington's statutory hearing procedures for nonrenewal of teacher's contracts]," despite those procedures lacking a pre-deprivation hearing opportunity. *Pierce*, 84 Wn.2d at 775, 777; *see* former RCW 28.67.070 (1973). Because *Pierce* was decided before *Loudermill*, and because

No. 44750-9-II

in *Pierce*, our Supreme Court discussed the necessity of pre-deprivation hearings only in passing, reliance on *Pierce* is misplaced. *See Pierce*, 84 Wn.2d at 775.

I would hold that Schlosser had a property interest in her contract's renewal, and that the District's failure to provide Schlosser with any pre-deprivation hearing violated due process. Thus, I respectfully dissent.[28]

_____
Worswick, J.

---

[28] An issue exists as to the remedy available to Schlosser for the District's failure to provide her with a pre-deprivation hearing, given the hearing examiner's finding that if a pre-deprivation hearing had occurred, "it [is] highly improbable that there would have been any different result." Clerk's Papers at 12; *see Carey v. Piphus*, 435 U.S. 247, 260, 267, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Bullo v. City of Fife*, 50 Wn. App. 602, 610, 749 P.2d 749 (1988); *Nickerson v. City of Anacortes*, 45 Wn. App. 432, 440-41, 725 P.2d 1027 (1986). But at the very least, Schlosser would be entitled to nominal damages, plus any damages proven to have resulted directly from the denial of a pre-deprivation hearing. *See Carey*, 435 U.S. at 263-64, 267.