[No. 22772-3-III.  Division Three.  May 26, 2005.]

LAURIE L. PETRONI, *Appellant*, v. BOARD OF DIRECTORS OF DEER PARK SCHOOL DISTRICT NO. 414, *Respondent*.

*William J. Powell* (of *Powell, Kuznetz & Parker, P.S.*), for appellant.

*Paul E. Clay* (of *Stevens, Clay & Manix, P.S.*), for respondent.

¶1 KURTZ, J. — The Deer Park School Board (Board) hired Laurie Petroni as a provisional teacher for a contract term of one year. At the expiration of the school year, the Board decided not to renew Ms. Petroni's contract. The Board's decision was not based upon performance evaluations of Ms. Petroni as a teacher. Rather, the Board's decision was based upon conduct issues that arose during the school year.

¶2 Ms. Petroni asked the superior court to issue a writ of certiorari to review the Board's decision. Because her nonrenewal was based on misconduct, Ms. Petroni argues the Board should have proceeded under the teacher discharge statutes. She notes that the Board's decision to proceed under the nonrenewal statute deprived her of the procedural safeguards and sanctions other than nonrenewal. The superior court refused to issue the writ of certiorari.

¶3 On appeal, Ms. Petroni contends the Board (1) lacked statutory authority to make the nonrenewal decision based on misconduct rather than on performance evaluations, (2) based its nonrenewal decision on factors other than those set forth in the statutes governing the nonrenewal of a provisional teacher's contract, and (3) failed to follow statutory notice requirements.

¶4 We conclude the Board complied with the statutory provisions governing the nonrenewal of a provisional teacher's contract. We further conclude the Board's reasons for nonrenewal were sufficient under the statutory scheme. Also, we conclude the Board complied with the applicable statutory notice requirements. For these reasons, we affirm the superior court's order denying the writ.

FACTS

¶5   In August 2002, Laurie Petroni was hired as a Family and Consumer Science teacher at Deer Park High School. As a first-year teacher in the district, Ms. Petroni was hired under a one-year contract and classified as a "provisional employee" pursuant to RCW 28A.405.220.

¶6   Under RCW 28A.405.100, all new employees must be observed at least once, for a total observation time of at least 30 minutes, during the first 90 days of their employment. During the first semester, Ms. Petroni was observed in her classroom by both the principal and the assistant principal. Ms. Petroni received an evaluation in January 2003.

¶7   After completing Ms. Petroni's evaluation, the principal, Trip Goodall, learned of four incidents that caused him some concern. After each of the four incidents, Mr. Goodall met with Ms. Petroni to discuss his concerns, with unsatisfactory results. Ms. Petroni does not challenge the superior court's findings that she "engaged in conduct that raised legitimate concerns" with the school administration. Clerk's Papers (CP) at 252. It is also undisputed that Ms. Petroni's nonrenewal was based on concerns about her conduct, not her evaluation.

¶8   After the fourth incident, Mr. Goodall met with Superintendent Terry Brandon. Mr. Brandon considered the information provided by Mr. Goodall, including the reports of the classroom observations and Ms. Petroni's evaluation, and made the decision that retaining Ms. Petroni was not consistent with the district's needs. On May 5, 2003, Mr. Brandon issued a notice of determination of nonrenewal of Ms. Petroni's contract.

¶9   A copy of Mr. Brandon's report and recommendation was sent to Ms. Petroni. When Ms. Petroni received the notice, she asked to meet with Mr. Brandon. The meeting occurred on May 22. After the meeting, Mr. Brandon sent a report to the Board recommending the nonrenewal of Ms. Petroni's contract. In his report, Mr. Brandon stated:

My recommendation is that Ms. Petroni's contract not be renewed. Multiple reasons exist for this recommendation. However at the bottom, they all lead to a determination that Ms. Petroni has demonstrated a level of judgment that falls beneath that which I believe is necessary for service to our students at the levels to which we aspire.

CP at 98.

¶10 Ms. Petroni was allowed to present written materials to the Board. The Board met twice to consider the materials submitted, but, on June 27, the Board voted to uphold the superintendent's recommendation. Ms. Petroni was provided with a written copy of this decision on June 30.

¶11 Ms. Petroni filed an application for a writ of certiorari. She also filed a motion to require the school board to file a written record. The superior court entered an order denying the request for a writ. Ms. Petroni appeals.

## ANALYSIS

### Standard of Review

¶12 The purpose of a constitutional writ is to enable the reviewing court to determine whether the proceedings were within the lower tribunal's jurisdiction and authority. *Saldin Sec., Inc. v. Snohomish County*, 134 Wn.2d 288, 292, 949 P.2d 370 (1998). Judicial review is not entirely appellate review, but involves the consideration of whether the administrative record reveals that the lower tribunal's decision was illegal, arbitrary, or capricious. *Id.* A court has the right to refuse to exercise its inherent power to grant a writ, but the court must provide tenable reasons for its decision. *Birch Bay Trailer Sales, Inc. v. Whatcom County*, 65 Wn. App. 739, 746, 829 P.2d 1109 (1992) (quoting *Bridle Trails Cmty. Club v. City of Bellevue*, 45 Wn. App. 248, 252, 724 P.2d 1110 (1986)). Here, the superior court determined that the Board's decision was not illegal, arbitrary, or capricious.

¶13 To resolve this case, we must answer three questions. First, do the statutory provisions governing discharge apply to a nonrenewal determination based on allegations of misconduct? Second, if the statutory provisions governing nonrenewal apply, were the reasons given for the nonrenewal sufficient under RCW 28A.405.220? Third, if the reasons for the nonrenewal were proper, did the Board comply with the statutory notice requirements?

¶14 When conducting this inquiry, we emphasize that Ms. Petroni was a provisional teacher as opposed to a nonprovisional teacher. As might be expected, different statutory requirements apply to nonprovisional teachers.

### General statutory provisions for public school teachers

¶15 The general requirements governing employment contracts for public school teachers are set forth in RCW 28A.405.210. Under this provision, written contracts must be issued to all teachers for a period not to exceed one year. As a result, a teacher has a continuing contract with the district unless notice of nonrenewal is received on or before May 15 or, in some cases, June 1. A teacher also has a continuing contract if notice of nonrenewal is received, and the teacher is successful in challenging the basis for the nonrenewal decision.

¶16 RCW 28A.405.220 sets forth additional requirements that apply to provisional employees. Significantly, RCW 28A.405.220 provides the exclusive means for nonrenewal of the employment contract of a provisional employee.

### Do the statutory provisions governing the discharge of a teacher apply to a nonrenewal determination based on allegations of misconduct?

¶17 Ms. Petroni asserts the statutory provisions governing the discharge of a teacher apply here because the Board's nonrenewal decision was based on allegations of misconduct rather than a failure to meet minimum evalua-

tion criteria. She contends the Board failed to comply with RCW 28A.405.300 and .310.

¶18 RCW 28A.405.300 governs discharge or adverse change in contract status of certificated employees, including provisional teachers. Under this provision, the employee "shall be notified in writing of that decision, which notification shall specify the probable cause or causes for such action." RCW 28A.405.300. When a decision to discharge is made, the district may notify the employee at any time during the term of the contract and need pay the teacher only until the hearing. *See Sauter v. Mount Vernon Sch. Dist. No. 320*, 58 Wn. App. 121, 134, 791 P.2d 549 (1990). In contrast, when a nonrenewal decision is made, the district must give the employee notice on or before May 15, or, in some circumstances, no later than June 1. RCW 28A.405.220. Also, when a nonrenewal decision is made, the teacher is paid until the end of the teacher's pay period under the contract.

¶19 Here, the Board did not discharge Ms. Petroni and the Board's decision did not adversely affect her contract status. By making a nonrenewal decision, the Board afforded Ms. Petroni the opportunity to find another job while receiving pay for the remainder of the contract period. Also, the Board's nonrenewal decision prevented adverse information from getting into Ms. Petroni's employment file.

¶20 Even though she was not discharged, Ms. Petroni contends that she was entitled to a hearing under RCW 28A.405.310 because the nonrenewal decision was based on allegations of misconduct. She points out that a disciplinary proceeding would have provided procedural safeguards and offered the possibility of discipline rather than nonrenewal.

¶21 RCW 28A.405.310 sets forth the procedures available to teachers receiving notices of probable cause for discharge or adverse effect in contract status, and notices of probable cause for nonrenewal. Significantly, RCW 28A-.405.310(1) reads, in part:

Any employee *receiving a notice* of probable cause for discharge or adverse effect in contract status pursuant to RCW

28A.405.300, *or any employee, with the exception of provisional employees . . . receiving a notice of probable cause for nonrenewal of contract pursuant to RCW 28A.405.210, shall be granted the opportunity for a hearing pursuant to this section.*

(Emphasis added.) Hence, under this provision a teacher is entitled to a hearing after receiving a notice of discharge or adverse effect in contract status—and a nonprovisional teacher is entitled to a hearing when a nonrenewal notice is received—but the procedural protections of RCW 28A-.405.310 do not apply to a provisional teacher receiving a notice of nonrenewal.

¶22 Here, the Board made a nonrenewal decision, sent Ms. Petroni a notice of nonrenewal, and paid her through the end of her contract. The Board was not required to treat its nonrenewal decision as a discharge, even though the decision was based on allegations of misconduct. As a provisional teacher, Ms. Petroni was not entitled to a hearing pursuant to RCW 28A.405.310(1) when the Board made the decision not to renew her contract.

### *Did the reasons used to support the Board's nonrenewal decision comply with RCW 28A.405.220?*

¶23 Ms. Petroni next argues that the Board's non-renewal decision was based on allegations of misconduct and that, under RCW 28A.405.220, nonrenewal decisions must be based solely on the provisional teacher's failure to meet the evaluation criteria developed pursuant to RCW 28A.405.100(1). In response, the Board contends that misconduct by a provisional teacher can be used to support a decision not to renew that teacher's contract.

¶24 RCW 28A.405.220 provides that provisional employees "shall be subject to nonrenewal of employment contract as provided in this section during the first two years of employment." If the superintendent of the district makes a nonrenewal determination, the provisional employee must be notified of the nonrenewal of his or her contract in writing on or before May 15 or no later than

June 1 if the appropriations act has not passed the legislature. The notification "shall state the reason or reasons for such *determination*." RCW 28A.405.220 (emphasis added). And, "[t]he *determination* of the superintendent *shall be subject* to the evaluation requirements of RCW 28A-.405.100." RCW 28A.405.220 (emphasis added).

¶25 RCW 28A.405.100 establishes the minimum evaluation requirements for certificated teachers and certificated support personnel. This provision requires the superintendent of public instruction to establish "minimum criteria for the evaluation of the professional performance capabilities and development" of certificated teachers and support personnel. RCW 28A.405.100.

> For classroom teachers the criteria shall be developed in the following categories: Instructional skill; classroom management, professional preparation and scholarship; effort toward improvement when needed; the handling of student discipline and attendant problems; and interest in teaching pupils and knowledge of subject matter.

RCW 28A.405.100(1).

¶26 The dispute here is centered on the meaning of the word "determination" and its relationship to the requirements of RCW 28A.405.100. Ms. Petroni asserts that the only reasons for nonrenewal are those set forth in RCW 28A.405.100. She argues that all nonrenewal determinations must be based on the deficiencies observed as part of the evaluation process and that other deficiencies, such as teacher misconduct, must be addressed under the discharge statute.

¶27 In short, Ms. Petroni believes that the term "subject to" limits the term "determination," so that all nonrenewal determinations must result from the application of the minimum criteria set forth in RCW 28A.405.100. She points to language in *Lydig Construction, Inc. v. Rainier National Bank*, 40 Wn. App. 141, 147, 697 P.2d 1019 (1985), where we held that "[t]he words 'subject to' *ordinarily* denote 'subordinate to', 'subservient to', or 'limited by.'" (Emphasis added.)

¶28 But a reading of the entire statutory scheme does not support Ms. Petroni's interpretation. A plain reading of RCW 28A.405.220 establishes that when an evaluation is the basis for the superintendent's determination, that determination is "subject to," or limited by the evaluation requirements of RCW 28A.405.100. Consequently, whenever a superintendent's nonrenewal determination is based on an evaluation, the determination must be based on the teacher's failure to meet the evaluation criteria.

¶29 Also, examining RCW 28A.405.220 as a whole, the legislature clearly intended that reasons other than those resulting from an evaluation could be used to support a superintendent's nonrenewal determination. For example, RCW 28A.405.220 also states that a nonrenewal determination can be delayed until June 1 "if the omnibus appropriations act has not passed the legislature by May 15." Hence, the statute, by its terms, encompasses determinations based on financial considerations, not merely evaluations.

¶30 Case law also supports our reading of RCW 28A-.405.220. In *Meyers v. Newport Consolidated Joint School District No. 56-415*, 31 Wn. App. 145, 148, 639 P.2d 853 (1982), Mr. Meyers, a provisional teacher, brought an action challenging the nonrenewal of his contract based on his failure to comply with the school district's residency requirement. Mr. Meyers maintained that provisional teachers should have the same rights as are extended to nonprovisional teachers. Accordingly, he argued that because the decision concerning nonprovisional teachers must be based on probable cause and may be appealed, provisional teachers, likewise, should be allowed to appeal their nonrenewal determination, which must be based on a sufficient reason. *Meyers*, 31 Wn. App. at 149.

¶31 Reading the applicable statutes as a whole,[1] we reasoned that the separate classifications established for a nonprovisional teacher demonstrated that the term "prob-

---

[1] *Meyers* considered earlier versions of RCW 28A.405.210 and .220 which were recodified per the Laws of 1990.

able cause" as applied to a nonprovisional teacher was not the same as the term "reasons" applicable to a provisional teacher. *Id.* at 150. Significantly, we stated that "many reasons may not equal probable cause." *Id.* Of equal importance, *Meyers* allowed the nonrenewal of a provisional teacher's contract for a reason unrelated to the statutory evaluation criteria, i.e., Mr. Meyers's failure to comply with the district's residency requirements.

¶32 Finally, as the Board points out, common sense supports our reading of RCW 28A.405.220. School boards are entrusted with the education and safety of their students. It defies common sense to conclude that a school board cannot base a nonrenewal decision on legitimate concerns about a provisional teacher's conduct.

*Did the Board follow the statutory procedural requirements for nonrenewal of provisional teachers?*

¶33 Ms. Petroni maintains that, even if the nonrenewal statute for provisional teachers encompasses a determination based on misconduct, the nonrenewal decision here is invalid because the Board failed to comply with applicable statutory procedural requirements. Ms. Petroni raises this argument for the first time on appeal. Generally, we need not consider an issue for the first time on appeal. RAP 2.5(a).

■ ¶34 In any event, Ms. Petroni's claim of insufficient notice is unpersuasive. RCW 28A.405.220 requires that the notice of nonrenewal state the "reason or reasons for such determination." The notice Ms. Petroni received stated:

> Based on the needs of the District, I must unfortunately inform you that you will not be re-hired for the next school year.

CP at 13.

¶35 Granted, the notice did not state all of the reasons for Ms. Petroni's nonrenewal. But two reasons support the Board's decision to proceed in this manner. First, the written notice is a public record subject to disclosure pursuant to chapter 42.17 RCW. Second, Washington has

adopted the functional analysis of the adequacy of notice. *Williams v. Seattle Sch. Dist. No. 1*, 97 Wn.2d 215, 225, 643 P.2d 426 (1982). As a result, such notice is not required to detail every cause. *Diedrick v. Sch. Dist. No. 81*, 87 Wn.2d 598, 604, 555 P.2d 825 (1976).

¶36 Here, Ms. Petroni admitted that she was notified of the specific reasons for her nonrenewal. For example, she states in her affidavit that the superintendent summoned her to the office to inform her that a parent had complained after two of the four incidents and to discuss her error in judgment related to the other two incidents. Ms. Petroni also received the notice of determination of reasons prepared by the superintendent.

■ ¶37 Lastly, Ms. Petroni contends that the superior court erred by failing to grant her request for a written record. Under the statutory writ procedure, certification of the record of proceedings follows the issuance of the writ. RCW 7.16.060. Under the writ procedure, an applicant must first make the initial showing that the lower tribunal or court acted without jurisdiction or authority, or rendered a decision that was arbitrary or capricious. Ms. Petroni has failed to make this initial showing.

¶38 In conclusion, we hold the superior court properly denied the writ. In view of our decision, we will not address the Board's cross-appeal. We affirm the order of the superior court.

SCHULTHEIS and BROWN, JJ., concur.

Review denied at 156 Wn.2d 1013 (2006)